UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2023

(Argued: March 18, 2024   Decided: October 17, 2024)

Docket No. 23-492

———————————————

AVON NURSING AND REHABILITATION, BRIGHTONIAN NURSING AND REHABILITATION, WOODSIDE MANOR NURSING AND REHABILITATION, THE SHORE WINDS NURSING AND REHABILITATION, THE HURLBUT NURSING AND REHABILITATION, HORNELL GARDENS NURSING AND REHABILITATION, CONESUS LAKE NURSING AND REHABILITATION, NEWARK MANOR NURSING AND REHABILITATION, PENFIELD PLACE NURSING AND REHABILITATION, HAMILTON MANOR, LATTA ROAD NURSING HOME EAST, LATTA ROAD NURSING HOME WEST, SENECA NURSING AND REHABILITATION, ELDERWOOD AT AMHERST, ELDERWOOD OF LAKESIDE AT BROCKPORT, ELDERWOOD AT CHEEKTOWAGA, ELDERWOOD AT GRAND ISLAND, ELDERWOOD AT HAMBURG, ELDERWOOD OF HORNELL, ELDERWOOD OF UIHLEIN AT LAKE PLACID, ELDERWOOD AT LANCASTER, ELDERWOOD AT LIVERPOOL, ELDERWOOD AT LOCKPORT, ELDERWOOD AT NORTH CREEK, ELDERWOOD AT WAVERLY, ELDERWOOD AT WHEATFIELD, ELDERWOOD AT WILLIAMSVILLE, ELDERWOOD AT RIVERSIDE, ELDERWOOD OF SCALLOP SHELL AT WAKEFIELD, WESTCHESTER CENTER FOR REHABILITATION AND NURSING, HIGHFIELD GARDENS CARE CENTER OF GREAT NECK, SAN SIMEON BY THE SOUND, NEW YORK CENTER FOR REHABILITATION AND NURSING, DRY HARBOR NURSING HOME AND REHABILITATION CENTER, REGO PARK HEALTH CARE, QUEENS BOULEVARD EXTENDED CARE FACILITY, ELDERWOOD AT BURLINGTON, MAPLEWOOD NURSING HOME, ALAMO HEIGHTS FOR CLINICALLY COMPLEX CARE, PREMIER CENTER FOR NURSING AND REHABILITATION, ZION HEALTHCARE CYPRESS,

*Plaintiffs-Appellants*,

v.

XAVIER BECERRA, IN HIS CAPACITY AS THE SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

*Defendant-Appellee,*

ALEX M. AZAR, II, SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

*Defendant.*[*]

Before: SACK, BIANCO, AND PARK, *Circuit Judges*.

This appeal arises from the "registered nurse requirement" of the Medicaid Act, which mandates the inclusion of a registered nurse on the teams of professionals tasked with surveying skilled nursing facilities that participate in the Medicaid program. After the U.S. Department of Health and Human Services promulgated a rule that permitted certain specified inspections of these facilities without the presence of a registered nurse, a group of skilled nursing facilities challenged the rule as contradicting the statute's registered nurse requirement. The District Court (Laura Taylor Swain, *Chief Judge*) concluded that the challenged rule was consistent with the Medicaid Act because, by the terms of the statute, the registered nurse requirement is limited to surveys conducted under 42 U.S.C. § 1396r(g)(2)—the provision in which the requirement appears—and does not reach activities conducted under 42 U.S.C. § 1396r(g)(4), which

---

[*] The Clerk of Court is respectfully directed to amend the caption of the case to conform to the caption above.

were the subject of the challenged rule. For the reasons set forth below, we agree that the statute does not require the presence of a registered nurse for activities conducted under 42 U.S.C. § 1396r(g)(4). We therefore AFFIRM the judgment of the district court.

Judge Park dissents in a separate opinion.

BRIAN MARC FELDMAN (MICHELE DI FRANCO, *on the brief*), Harter, Secrest & Emery, LLP, Rochester, NY, *for Plaintiffs-Appellants*.

CHRISTOPHER CONNOLLY (BENJAMIN H. TORRANCE, *on the brief*), Assistant United States Attorneys, *for* DAMIAN WILLIAMS, United States Attorney for the Southern District of New York, New York, NY, *for Defendant-Appellee*.

ALAN C. HOROWITZ, *on the brief*, Arnall Golden Gregory LLP, Atlanta, GA, *for Amicus Curiae*, AMDA—The Society for Post-Acute and Long-Term Care Medicine, *in support of Plaintiffs-Appellants*.
JAMES F. SEGROVES, *on the brief*, Reed Smith LLP, Washington, DC, *for Amici Curiae*, American Health Care Association and New York State Health Facilities Association, *in support of Plaintiffs-Appellants*.

SACK, *Circuit Judge*:

This appeal arises from the "registered nurse requirement" of the Medicaid Act, which mandates the inclusion of a registered nurse on the teams of professionals tasked with surveying skilled nursing facilities that participate in the Medicaid program. After the U.S. Department of Health and Human Services promulgated a rule that permitted certain specified inspections of these facilities without the presence of a registered nurse, a group of skilled nursing facilities challenged the rule as contradicting the statute's registered nurse requirement. The District Court (Laura Taylor Swain, *Chief Judge*) concluded that the challenged rule was consistent with the Medicaid Act because, by the terms of the statute, the registered nurse requirement is limited to surveys conducted under 42 U.S.C. § 1396r(g)(2)—the provision in which the requirement appears—and does not extend to activities conducted under 42 U.S.C. § 1396r(g)(4), which were the subject of the challenged rule. For the reasons set forth below, we agree that the statute does not require the presence of a registered nurse for activities conducted under 42 U.S.C. § 1396r(g)(4). We therefore AFFIRM the judgment of the district court.

# BACKGROUND

*Factual Background*

The plaintiffs are a group of skilled nursing facilities in New York and Rhode Island that participate in the Medicaid program, which provides health insurance coverage for low-income individuals and families. Although Medicaid is a creature of federal law, it is administered primarily by the states, which receive funding from the federal government to maintain the program. Care facilities that participate in Medicaid operate subject to oversight by the Centers for Medicare & Medicaid Services (CMS), a subdivision of the U.S. Department of Health and Human Services (HHS). To receive funding through Medicaid, facilities must comply with health and safety requirements established by Congress. 42 U.S.C. § 1396r(a)(3), (b)–(d).

CMS monitors compliance with these requirements through state-run inspection and certification programs, which are governed by 42 U.S.C. § 1396r(g), titled "Survey and certification process." As relevant to this appeal, this subdivision of the statute is organized as follows:

> **(g) Survey and certification process**
> (1) State and Federal responsibility . . .
> (2) Surveys

    (A) Annual standard survey . . .

    (B) Extended surveys . . .

    (C) Survey protocol . . .

    (D) Consistency of surveys . . .

    (E) Survey teams
     (i) In general

> <u>*Surveys under this subsection* shall be conducted by a multidisciplinary team of professionals (including a registered professional nurse).</u>
> . . .

 **(3) Validation surveys** . . .

 **(4) Investigation of complaints and monitoring nursing facility compliance**

  Each state shall maintain procedures and adequate staff to—

  (A) investigate complaints of violations of requirements by nursing facilities, and

  (B) monitor, on-site, on a regular, as needed basis, a nursing facility's compliance with the requirements of subsections (b), (c), and (d) . . .

 **(5) Disclosure of results of inspections and activities** . . .

42 U.S.C. § 1396r(g) (emphasis added).

  Section 1396r(g)(2), quoted in part above, is titled "Surveys." It provides that "[e]ach nursing facility shall be subject to a standard survey," which addresses, among other things, "the quality of care furnished," "written plans of

care," "an audit of the residents' assessments," and "a review of compliance with residents' rights." *Id*. § 1396r(g)(2)(A). Standard surveys are to be conducted "not later than 15 months after" the facility's last standard survey. *Id*. § 1396r(g)(2)(A)(iii). Section 1396r(g)(2) also requires that, when a facility "is found, under a standard survey, to have provided substandard quality of care," that facility "shall be subject to an extended survey" to "review and identify the policies and procedures which produced such substandard quality of care and . . . determine whether the facility has complied with all the requirements." *Id*. § 1396r(g)(2)(B). In addition to laying out the requirements for standard and extended surveys, § 1396r(g)(2) establishes that "[s]urveys under this subsection shall be conducted by a multidisciplinary team of professionals (including a registered professional nurse)," known in the context of this litigation as the "registered nurse requirement." *Id*. § 1396r(g)(2)(E)(i). It also grants authority to the Secretary of Health and Human Services to develop a protocol for conducting standard and extended surveys. *See id*. § 1396r(g)(2)(C).

Separately, § 1396r(g)(4) provides for "Investigation of complaints and monitoring nursing facility compliance." Under this provision, each state is tasked with monitoring the compliance of nursing facilities within the

7

No. 23-492
*Avon Nursing & Rehabilitation v. Becerra*


requirements of § 1396(b)–(d)—which cover provision of services, residents' rights, and administration—and investigating complaints of facilities that have violated these requirements. This provision also notes that states "may maintain and utilize a specialized team" for "identifying, surveying, gathering and preserving evidence, and carrying out appropriate enforcement actions." *Id*. § 1396r(g)(4). Penalties for noncompliance may include, among other things, civil monetary penalties, denial of payment for services, and facility closure. *See* 42 C.F.R. § 488.406. Facilities that are subject to penalties for noncompliance have the right to appeal, *see* 42 C.F.R. § 488.402(f)(1)(iv), and may request a hearing before an administrative law judge to contest the determination, *see* 42 C.F.R. § 498.40.

In 2013, a resident at Avon Nursing and Rehabilitation ("Avon")—a skilled nursing facility located in New York State—suffered a burn after spilling hot soup on herself. After Avon reported the incident to the New York State Department of Health, the state agency conducted an inspection using a team that included two dieticians but no registered nurse. The team determined that Avon had violated HHS regulations, and CMS imposed a civil monetary penalty on the facility.

Avon sought a hearing before an administrative law judge (ALJ) to challenge the noncompliance finding. Following the hearing, presiding ALJ Keith W. Sickendick concluded that the "unlawfully constituted survey team could not lawfully conduct a survey" and that the "unlawfully conducted survey may not be the basis for the imposition of any enforcement remedy." J. App'x at 59. On appeal, the HHS Departmental Appeals Board concluded that the Department of Health's "purported failure to comply with [the registered nurse requirement] in performing the September 2013 survey did not invalidate CMS's noncompliance determination or enforcement remedy" and remanded the matter to the ALJ. J. App'x at 267. The parties then settled the matter.

In August 2017, in response to the Avon administrative proceedings, HHS published a final rule ("the Rule") "clarify[ing] that the requirement for an interdisciplinary team that must include a registered nurse is applicable to surveys conducted under [42 U.S.C. § 1396r(g)(2)], and not to those surveys conducted to investigate complaints or to monitor compliance on-site under [42 U.S.C. § 1396r(g)(4)]." 82 Fed. Reg. 36530, 36531 (Aug. 4, 2017). In effect, the Rule construed the registered nurse requirement as applying only to the annual

9

standard surveys and extended surveys, but not to complaint investigations like the one at issue in the Avon matter. *See id.* at 36624.

*Procedural History*

The Plaintiffs initiated this action in the United States District Court for the Southern District of New York seeking to vacate the Rule on the ground that the Medicaid Act requires a registered nurse to participate in complaint investigations conducted under 42 U.S.C. § 1396r(g)(4). The district court (Laura Taylor Swain, *Chief Judge*), dismissed the case for lack of subject matter jurisdiction, *see Avon Nursing & Rehab. v. Azar*, 410 F. Supp. 3d 648 (S.D.N.Y. 2019), and we reversed on appeal, *see Avon Nursing & Rehab. v. Becerra*, 995 F.3d 305 (2d Cir. 2021) (concluding that the Medicaid Act does not strip federal courts of subject matter jurisdiction under 28 U.S.C. § 1331). On remand, plaintiffs filed a third amended complaint, and both parties cross-moved for summary judgment.

The district court granted summary judgment in favor of the government after concluding that "the language, structure, and context of the Medicaid Act all demonstrate . . . that Congress clearly intended to require the presence of a registered nurse *only* on those surveys arising under 42 U.S.C. § 1396r(g)(2)."

10

*Avon Nursing & Rehab. v. Becerra*, 667 F. Supp. 3d 47, 60 (S.D.N.Y. 2023) (emphasis in original).  Alternatively, applying the interpretive framework established in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), the district court determined that if the statute is ambiguous, the agency's interpretation of the ambiguous provision was reasonable and therefore entitled to deference.  *Avon Nursing*, 667 F. Supp. 3d at 58–59.

## DISCUSSION

### I.     Standard of Review and Legal Framework

This Court reviews a grant of summary judgment *de novo*. *See Karpova v. Snow*, 497 F.3d 262, 270 (2d Cir. 2007).

In June 2024, 15 months after the district court issued its judgment in this case, the Supreme Court decided *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024).  In *Loper Bright*, the Court overruled *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), which required courts to defer to reasonable agency interpretations of ambiguous statutory language.  Under *Loper Bright*, courts must "exercise their independent judgment in deciding whether an agency has acted within its statutory authority, . . . and under the

11

[Administrative Procedure Act] may not defer to an agency interpretation of the law simply because a statute is ambiguous." 144 S. Ct. at 2273.

II.     Analysis

The Plaintiffs contend that the Rule, which does not require a registered nurse to take part in "complaint surveys [or] surveys related to on-site monitoring," 82 Fed. Reg. at 36624, contradicts the statutory requirement that a registered nurse be part of any survey "under this subsection," 42 U.S.C. § 1396r(g)(2). The government argues, however, that the statute's use of the phrase "this subsection" refers only to surveys mentioned in § 1396r(g)(2), such that the registered nurse requirement does not reach complaint investigations conducted under § 1396r(g)(4). According to the parties, therefore, the reach of the registered nurse requirement—and consequently the validity of the Rule— depends on whether "this subsection" refers only to § 1396r(g)(2) or to all of § 1396r(g). Ultimately, however, even if we assume that the phrase "this subsection" extends to all of § 1396r(g), the registered nurse requirement does not apply to complaint investigations, because these inspections are not "surveys" under § 1396r(g).

No. 23-492
*Avon Nursing & Rehabilitation v. Becerra*

The text of the registered nurse requirement provides that "*Surveys* under this subsection shall be conducted by a multidisciplinary team of professionals (including a registered professional nurse)." 42 U.S.C. § 1396r(g)(2)(E)(i) (emphasis added). The statute does not define the term "survey," but does use this word to refer to three specific inspections that must be conducted under 42 U.S.C. § 1396r: annual standard surveys, *see id.* § 1396r(g)(2)(A); extended surveys, *see id.* § 1396r(g)(2)(B); and validation surveys, *see id.* § 1396r(g)(3). Notably, the statute does not use the term "survey" to refer to the investigatory and enforcement activities addressed in § 1396r(g)(4), instead referring to these activities as "[i]nvestigation of complaints and monitoring nursing facility compliance." As a result, even if § 1396r(g)(2) unambiguously requires a registered nurse to be included on all *surveys* under the entirety of § 1396r(g), by the plain text of the statute, a registered nurse is not required to participate in activities that are not referred to as surveys, such as investigations or other enforcement activities conducted under Section 1396r(g)(4).[1] *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular

---

[1] Although the word "surveying" is used once in 42 U.S.C. § 1396r(g)(4) to describe a portion of the work involved in these investigations, this refers only to "surveying . . . evidence" as opposed to conducting a survey.

language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (alteration adopted and internal quotation marks and citation omitted)).

Uncertainty about whether investigations under § 1396r(g)(4) should be considered surveys may have arisen from the terminology used in HHS's implementing regulations. Rather than referring to these investigatory and enforcement activities using the terms employed by the statute, the regulations refer to this type of inspection as a "complaint survey." *See* 42 C.F.R. § 488.30 (defining "complaint surveys"); *see also* 42 C.F.R. § 488.301 (defining "abbreviated standard survey" to include, among other things, information gathering "premised on complaints received"). Especially in light of *Loper Bright*, however, our interpretation of the statute should not rest on the taxonomy developed by the agency. The registered nurse requirement only extends to surveys as that term is used *in the statute*, regardless of the terminology used by the agency. The regulation's use of the term "survey" to refer to this type of inspection does not affect the meaning of the word "survey" within the universe of the statute itself. Allowing the agency's terminology to control our

14

interpretation of the statute would be an abdication of our duty to interpret the statute independently. *See Loper Bright*, 144 S. Ct. at 2261 ("Under the [Administrative Procedure Act], it thus remains the responsibility of the court to decide whether the law means what the agency says." (internal quotation marks and citation omitted)).[2]

We conclude that complaint investigations and other enforcement activities conducted under 42 U.S.C. § 1396r(g)(4) are not "surveys" within the meaning of the registered nurse requirement, even when those activities are referred to as "surveys" under the implementing regulations. Because 42 U.S.C. § 1396r(g) therefore does not require a registered nurse to participate in complaint investigations, the Rule does not contradict the terms of the Medicaid Act. We therefore affirm the judgment of the district court.[3]

---

[2] While we do not defer to the agency's terminology when deciding the scope of the term "survey" in the registered nurse requirement, our holding is in no way intended to limit the statutory authority of the agency or the states to develop procedures for the inspections required under 42 U.S.C. § 1396r.

[3] "We may affirm on any ground with support in the record, including grounds upon which the district court did not rely." *Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 100 (2d Cir. 2022) (internal quotation marks and citations omitted), *cert. denied*, 143 S. Ct. 1056 (2023). Before the district court, the filings of both parties addressed the question of whether the investigatory activities at issue here fall within the scope of "surveys" covered by the registered nurse requirement. *See* Reply Memorandum of Law in Support of the Government's Cross-Motion for Summary Judgment, Dist. Ct. Dkt. 56, at 1–2, 5; Memorandum of Law in Support of Defendant's Cross-Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment, Dist. Ct. Dkt. 96, at 15; Consolidated Memorandum of Law in Further Support of

## CONCLUSION

We have considered the parties' remaining arguments on appeal and conclude that they are without merit. For the reasons explained above, we AFFIRM the judgment of the district court.

---

Plaintiffs' Motion for Summary Judgment and in Opposition to the Secretary's Motion for Summary Judgment, Dist. Ct. Dkt. 101, at 8.